**Frank SALINAS, Appellant,**

v.

**CROWN CENTRAL PETROLEUM CORPORATION, Appellee.**

**Gardiner MILLER, Laurence D. Miller, Jr. and John C. Miller, Appellants,**

v.

**CROWN CENTRAL PETROLEUM CORPORATION, Appellee.**

**Nos. 16699, 16700.**

Court of Appeals of Texas, San Antonio.

Jan. 12, 1983.

Rehearing Denied Feb. 15, 1983.

Terry A. Camales, Alice, Jack B. Peacock, Jr., Falfurrias, for appellants.

Ben H. Sheppard, Jr., James W. McCartney, Houston, for appellee.

Before CADENA, C.J., and BUTTS and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

These are companion cases to cause no. 16767, *Valadez, et al. v. Barrera, et al.,* 647 S.W.2d 377, (Tex.App.—San Antonio 1982) opinion delivered this date. In that trespass to try title action defendants Laurence D. Miller, Jr., Gardiner B. Miller and John C. Miller brought a third party action against Crown Central Petroleum Corporation; Frank Salinas, by his petition in intervention, alleged claims against Crown as a third party defendant. Crown filed its motions for severance and for summary judgments against each. The trial court granted these motions, severing the Millers' and Salinas' claims and rendering "take nothing" summary judgments for Crown. We reverse the judgments.

Crown executed mineral leases with heirs of Benito Garcia, Sr. on land located in Brooks County in 1974 and subsequently obtained production of gas and gas distillate. In the trespass to try title suit the Millers, defendants therein, asserted ownership in fee simple to certain lots involved in the lease and, in addition, ownership of the mineral estate in many of the others. Intervenor Salinas claimed fee simple title to certain lots in a leased smaller tract (4.07 acres) which one of the heirs, Benito Garcia, Jr. with his wife, had conveyed earlier to his lumber company by deed of trust with vendor's lien to secure a promissory note given for additions and repairs made to their home in Falfurrias. The tracts claimed by the Millers, the Garcias, and Salinas are in the Flowella townsite platted and subdivided from a part of La Parrita Ranch, which was, until 1916, a part of the famed King Ranch. The lots claimed by Salinas are included among those which the Garcias and the Millers claim. Thus, separate ownership of the mineral estate in many lots is asserted by all three opponents.

It is this last matter which is left unresolved by the summary judgments. The consequence of affirming the summary judgment against each in favor of Crown would be to remove Crown from the fray although the trespass to try title suit has been remanded for another trial. Our question on review is whether the judgment granting this remedy to Crown was proper. We hold it was not.

By their written responses to the motions both the Millers' and Salinas' assert owner-

ship of the same smaller mineral estate claimed by the Garcias, and the Millers also assert fee simple ownership, as well, of other lots not claimed by the Garcias or Salinas'. The Millers, in addition, allege they are owners of the mineral estate in many lots not claimed by Salinas (in the larger tract one, 9.52 acres), but which the Garcias claim.

Crown relies upon the identical allegations and arguments in each of its motions for summary judgment. In the trespass suit Salinas sought recovery from Crown for damages for waste, impairment of his security interest, and conversion as a result of the production of minerals from the property he obtained by foreclosure and sheriff's sale. There is no question that Benito, Jr. and wife purportedly conveyed these lots to him before Crown obtained its mineral leases on the very same lots. (the small tract, 4.07 acres).

The Millers alleged Crown had constructive notice of their ownership of the mineral interests from recorded deeds on all the property they claim. They alleged wrongful conversion of the gas and gas distillate and that the delay rentals, royalties, etc. should have been paid to them and not the Garcia heirs. They prayed for damages in an amount not less than the gross or unit production obtained by Crown, an accounting by Crown of all bonuses, delay rentals and other payments paid out from production, and that all future payments be awarded to the Millers.

Crown moved for summary judgment against both Salinas and the Millers, alleging as its basis two specific grounds for the trial court to deny recovery in each instance: (1) Crown has drilled no wells upon the lands in which either Salinas or the Millers assert an interest; and (2) there is no contractual relationship between Salinas or the Millers and Crown. Crown argues that, as a matter of law, they are not entitled to recover for production that was not obtained from wells located on these lands. Crown argues there is no genuine issue of any material fact and Crown is entitled to judgment as a matter of law on the issues set out in the motions and in the written responses to the motions.

There was no dispute that a well had not been drilled on the subject property. Affidavits from the oil company's employees attached to Crown's motion for summary judgment clearly showed this. It was undisputed that neither Salinas nor the Millers contracted with Crown as to the land they claimed. Thus, if these were truly the material issues, Crown would be entitled to the summary judgment. These two elements were the controlling factors in *Superior Oil Co. v. Roberts,* 398 S.W.2d 276 (Tex.1966). In that case Superior offered to lease the interest of plaintiffs in six town lots, that being an undivided one-half interest. Plaintiffs, *whose title to the property was not in dispute,* refused. Superior leased the interest of the other co-tenants, that being also an undivided one-half interest in the six lots; these two leases each purported to cover all of the six town lots. The plaintiffs refused to and never did execute a lease agreement and never did receive any payments from the production of minerals from the unitized area. No wells had been drilled on the six town lots, nor within a distance of 1200 feet therefrom. The royalty payment allocated to the full six lots, and not just to one-half of that, was paid to the lessors. The court held that plaintiffs had no claim since no minerals were produced from their property; they had no contractual relationship with Superior or the owners of interests in the unitized lands which would give them rights in and to minerals produced from the unit but not produced from their lands. That court noted, that the co-tenants who were not lessors had not made any attempt to ratify the leases or the unitization agreement. Crown argues here that neither the Millers nor Salinas had attempted to ratify the leases.

■ We find that *Superior* is inapplicable to the instant facts. Here, unlike the plaintiffs in that case, the Millers, Salinas and the Garcias are not co-tenants. In *Superior* the lessors undisputedly owned an undivided one-half interest in the six lots, as did those plaintiffs. Here the very heart of the

trespass to try title case is: who owns the mineral estate in the subject property ... the lessors (Garcias), the Millers, Salinas, or another party. The Millers are not tenants in common or co-tenants holding legal title to the mineral estate with the Garcias. The Garcias are claiming adversely to the Millers. Moreover, Crown never offered to lease the Millers' interest in the minerals. We ask, also, what is the interest of Salinas to the mineral estate in the 4.07 acres, in which Salinas asserts ownership adversely to the Millers and the Garcias.

■ The purpose of the summary judgment rule is to avoid the conventional trial of clearly unmeritorious claims or untenable defenses. Its purpose is not to deprive litigants of their rights to a full, conventional trial if there are involved in the case any material questions of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952). The burden of the movant is that of showing by uncontroverted evidence that the non-movants have no cause of action against movant on a theory alleged in the petition, or that movant has a complete affirmative defense to the cause of action. *Peirce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). Tex.R.Civ.P. 166–A. We are required to view the summary judgment in the light most favorable to the Millers and Salinas and resolve against Crown any doubt as to the existence of a genuine issue of material fact. *Gulbenkian v. Penn, supra,* at 931.

As stressed in *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979), Rule 166–A has been amended. Two pertinent parts of the amendment read:

> ... Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. (effective January 1, 1978)

> \* \* \* \* \* \*

> ... The judgment sought shall be rendered forthwith ... and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response. (effective January 1, 1978)

Said that court at 678: The written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion. In the instant case the Millers' response to Crown's motion for summary judgment specifically pleads their asserted record title to the mineral estate in the subject property. Salinas' written response specifically pleads his asserted title to 4.07 acres of the subject property through foreclosure sale as a mortgagee.

We have determined that neither of these parties is a "co-tenant" in the same sense of those undisputed title holders of the undivided interests in *Superior Oil Co., supra.* The Millers and Salinas expressly raised the fact issue of ownership of the mineral estate by their responses to Crown's motions for summary judgments. We hold that Crown was not entitled to summary judgments as a matter of law.

Since neither the Millers nor Salinas are co-tenants owning an undisputed interest with the Garcia, Sr. heirs in the subject tracts of land, the decision of *Superior, supra,* being inapposite cannot be made the basis for the summary judgment. The fact that the Millers and Salinas did not execute a contract with Crown or the Garcias and the fact that a well was not drilled on the tracts involved as part of the unitization by Crown is not material to a resolution of the issues in this case.

We find that Crown's motions for summary judgments are insufficient as a matter of law to establish the absence of a fact issue. *Anderson v. Borman,* 489 S.W.2d 945, 948 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.). Therefore, we hold that Crown was not entitled to the summary judgments as a matter of law and reverse those judgments.

Crown moved for severance, Tex.R.Civ.P. 174(b), of the two causes conditioned upon the granting of summary judgments. Since we have reversed the summary judgments,

we perforce reverse the trial court's conditional order of severance.

We reverse and remand the summary judgments.