**QUERNER TRUCK LINES, INC., Appellant,**

v.

**ALTA VERDE INDUSTRIES, INC., Appellee.**

No. 4–87–00147–CV.

Court of Appeals of Texas, San Antonio.

Feb. 29, 1988.

Rehearing Denied March 29, 1988.

Jerry N. Dennard, San Antonio, for appellant.

E.R. Dulin, Jr., Paul J. Tarski, Uvalde, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a summary judgment in favor of Alta Verde Industries, Inc., appellee/plaintiff and against Querner Truck Lines, Inc., appellant/defendant.

Appellee sued appellant for damages caused when appellant allegedly permitted meat products, which appellant was transporting for appellee by contract, to undergo temperature changes resulting in damaged meat. Appellant filed a motion to transfer venue, a general denial, and a counterclaim for money owed by appellee for transportation services. Each party filed a motion for summary judgment. The trial court denied appellant's motion to transfer venue and granted appellee's motion for summary judgment, dismissing appellant's counterclaim with prejudice. The trial court entered a judgment awarding appellee $10,693.42 in damages, $3,000.00 for attorney's fees, and costs. Appellant filed a "Motion to Vacate and Grant New Trial" which was overruled by operation of law. This appeal resulted. We affirm.

Appellant raises three points of error:

POINT OF ERROR NO. 1

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

POINT OF ERROR NO. 2

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO TRANSFER VENUE.

POINT OF ERROR NO. 3

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ENTERING THE SUMMARY JUDGMENT IN CONTRAVENTION OF TEXAS RULE OF CIVIL PROCEDURE 18a.

We first consider appellant's second point of error.

Appellant filed a motion to transfer venue from Maverick County to Bexar County. An affidavit was attached. Appellee filed a response to which an affidavit was also attached. Appellant's affidavit in support of the motion stated that appellant is a corporation with its only office located in Bexar County, and that the cause of action is based on a contract made and issued, and which became effective, in Bexar County.

Appellee's affidavit in response to the motion stated that the beef transported by appellant under the agreement was loaded in, and transported from, Maverick County.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.036 (Vernon 1986) (formerly TEX. REV.CIV.STAT.ANN. art. 1995) provides that:

A suit against a private corporation ... may be brought ... in the county in which all or a part of the cause of action arose....

In the case before us the venue facts established that the meat was picked up by appellant, loaded in, and transported from, Maverick County. Accordingly, we hold that a part of the cause of action against appellant arose in Maverick County. *Loop Cold Storage Co. v. South Texas Packers, Inc.,* 483 S.W.2d 914, 918 (Tex. Civ.App.—Corpus Christi 1972), *rev'd in*

*part on other grounds,* 491 S.W.2d 106 (Tex.1973).

Appellant's second point of error is overruled.

Under its first point of error, appellant states five reasons why the trial court erred in granting summary judgment:

1) the summary judgment proof shows a fact issue exists whether appellee delivered old or "off" meat to appellant for transportation, or whether the meat was damaged in transport as appellee alleged;

2) that a fact issue exists regarding appellee's entitlement to attorney's fees and the reasonableness and necessity of attorney's fees;

3) that in its counterclaim, which was dismissed with prejudice, a fact issue exists concerning the amount of damages to which appellant is entitled;

4) additionally, that a fact issue exists for appellant's attorney's fees on its counterclaim; and

5) that the dismissal of its counterclaim denied appellant its right to trial by jury.

The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985).

The movant must conclusively prove all the elements of his cause of action as a matter of law. *Odeneal v. Van Horn,* 678 S.W.2d 941 (Tex.1984). Once the movant has established his right to summary judgment, the non-movant's response should present to the trial court an issue which would preclude summary judgment. *City*

*of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

The question on appeal is not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes as a matter of law that there is no genuine fact issue. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970). Here, however, we are not asked to determine whether appellee conclusively proved all the elements of his cause of action.

In its first reason why the trial court erred in granting summary judgment, appellant does not contend that appellee failed to carry its burden to show there is no genuine fact issue regarding the reason for the meat's condition as delivered. Instead, appellant contends that appellee's summary judgment proof showed that appellee delivered meat in satisfactory condition into appellant's possession, and that during transportation appellant permitted the meat to undergo temperature changes causing the meat to be of diminished value when delivered. Appellant asserts, however, that appellant's summary judgment proof showed that the reason for the value of the meat following transport was appellee's delivery of old or off meat to appellant for transport. According to appellant, the trial court simply chose to believe appellee's summary judgment proof and disbelieve appellant's proof. Therefore, appellant's argument is not that appellee failed to carry its burden as movant, but that following appellee's establishment of no fact issue appellant successfully presented to the trial court an issue which would preclude summary judgment. In our opinion, appellant's summary judgment proof did not present any issue precluding summary judgment.

Appellant's summary judgment proof consisted of an affidavit from Jimmie Querner, president of Querner Truck Lines. In the affidavit, Querner stated that he has personal knowledge of the facts contained in the affidavit. He averred that after the meat was transported by appellant and opened,

it was determined by inspectors that the beef was in an 'off' condition. The beef was tested and *we were advised* that by looking at the bone and the various portions of meat it was determined that the meat was old and that this condition was in existence when we took delivery of the beef at the origination place.... (Emphasis added).

Querner further stated:

The transport of the product received from [appellee] in this case from Eagle Pass, Texas was completed in the manner acceptable in the transport industry and the reason that the product was not acceptable in Hawkinsville, Georgia was that the product was old and defective when it was delivered into my company's possession in Eagle Pass, Texas.

Appellee alleged in its brief in support of its motion for summary judgment that the hearsay assertions in Querner's affidavit were incompetent as summary judgment proof, referring to the portion of the affidavit which says, "we were advised." Appellee also complained of the alleged conclusory assertion that "the product was old and defective when it was delivered into my company's possession."

■ An affidavit must be made on personal knowledge, and shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. TEX.R.CIV.P. 166-A; *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). An affidavit must set forth facts, not legal conclusions. *Harbour Heights Development, Inc. v. Seaback*, 596 S.W.2d 296, 297 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). In other words, an affidavit must not contain information that is a unilateral and subjective determination of the facts or an opinion as to such facts. *Inwood Forest Community Improvement Association v. R.J.S. Development Company, Inc.*, 630 S.W.2d 751 (Tex. App.—Houston [1st Dist.] 1982, no writ); *Wise v. Dallas Southwest Media Corporation*, 596 S.W.2d 533 (Tex.Civ.App.—Beaumount 1979, writ ref'd n.r.e.).

■ In the present case, Querner's affidavit contains hearsay and conclusions as pointed out by appellee to the trial court. The hearsay and conclusions are incompetent as summary judgment proof. We hold that there was no material fact issue in existence concerning the cause of the damage to the beef that would preclude summary judgment.

Appellant next asserts that the trial court erred in granting summary judgment because a fact issue exists regarding appellee's attorney's fees. Appellant argues that appellee's summary judgment evidence failed to establish the reasonableness of attorney's fees. Appellant further contends that even if reasonableness was established by appellee, appellant's summary judgment proof showed the existence of a fact issue on reasonableness. Appellant contends that the question of what sum constitutes reasonable attorney's fees is a fact issue that cannot ordinarily be determined in a summary judgment proceeding. Appellant relies upon *Brown v. Clark*, 557 S.W.2d 558 (Tex.Civ.App.—Texarkana 1977, no writ) and *Hunt v. Bays*, 537 S.W.2d 139 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.). Appellant is incorrect.

The cases cited by appellant were decided before the 1978 amendment to rule 166-A. The rule now provides, in part:

A summary judgment may be based on uncontroverted testimonial evidence ... of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free of contradiction and inconsistencies, and could have been readily controverted.

TEX.R.CIV.P. 166-A(c).

■ An attorney's affidavit can sufficiently establish reasonable attorney's fees. *Bado Equipment Co., Inc. v. Ryder Truck Lines, Inc.*, 612 S.W.2d 81, 83 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

■ Attached to appellee's motion for summary judgment were appellant's answers to interrogatories propounded by ap-

pellee. Included is an answer by appellant showing that appellee made demand by letter upon appellant for payment of the amount claimed by appellee. An affidavit from appellee's attorney stated that $3,000.00 is a reasonable and necessary attorney's fee. The affidavit was sufficient summary judgment proof of the reasonableness of the attorney's fee.

■ Appellant's summary judgment proof concerning appellee's attorney's fees consisted of Jimmie Querner's affidavit. Appellant did not tender any affidavit from appellant's attorney. Querner's affidavit states that appellant disputes and denies appellee's claim for attorney's fees and asserts that $3,000.00 is not reasonable. Querner's affidavit does not show that Querner is competent to give opinion testimony about attorney's fees. Consequently, the statements by Querner are conclusory and do not controvert appellee's summary judgment evidence on attorney's fees.

We hold there is no material and genuine fact issue concerning appellee's attorney's fees.

Next, appellant contends that a fact issue exists concerning the amount of damages to which appellant is entitled, and the trial court erred when it summarily dismissed with prejudice appellant's counterclaim for sums owed appellant by appellee.

Appellee plead and proved losses totaling $16,249.42. Appellee also plead that appellant was entitled to $5,556.00 for transportation services. In its motion for summary judgment, appellee offset its claim against appellant by that amount.

Appellant's counterclaim for transportation services was for $6,576.00. The trial court entered summary judgment for appellee in the amount of $10,693.42, being the amount of appellee's losses offset by $5,556.00, and the trial court dismissed appellant's counterclaim with prejudice. Appellant argues that the remaining $1,020.00 on its counterclaim was still in dispute. We disagree.

■ Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. TEX.R. CIV.P. 166–A(c). The term "answer" refers to an answer to the motion for summary judgment, not an answer generally filed in response to a petition. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979). In the present case, appellant did not present this issue of the remaining $1,020.00 on its counterclaim to the trial court. We will not consider it on appeal.

■ Next, appellant contends that a fact issue exists concerning appellant's attorney's fees on its counterclaim. Appellant presented this issue to the trial court in its brief in opposition to appellee's motion for summary judgment. A party may recover attorney's fees incurred in prosecuting a just claim, even if the amount of the claim is entirely offset by an opposing party's claim. *McKinley v. Drozd*, 685 S.W.2d 7, 10 (Tex.1985). In the present case, a fact issue exists concerning whether appellant is entitled to attorney's fees. Appellee's summary judgment evidence did not establish that appellant was not entitled to attorney's fees.

We sustain appellant's first point of error as to appellant's attorney's fees.

■ Appellant further argues that it was denied its right to a jury trial on its counterclaim after having timely filed a jury demand. The purpose of Rule 166–A is to avoid the conventional trial of clearly unmeritorious claims or untenable defenses. Its purpose is not to deprive litigants of their rights to a full, conventional trial if there are involved in the case any material questions of fact. *Salinas v. Crown Central Petroleum Corp.*, 647 S.W.2d 384, 387 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). In the present case the summary judgment evidence showed there was no fact issue on appellant's counterclaim to present to a jury. Consequently, appellant has no right to a jury trial in the absence of material fact issues.

Appellant's first point of error is overruled.

For its third and final point of error, appellant states that the trial court erred in

entering summary judgment following appellant's filing of a motion for disqualification of the trial judge. Appellant contends that the trial judge should have either recused himself or requested the presiding judge of the administrative judicial district to assign a judge to hear the motion. TEX. R.CIV.P. 18a(c). The trial judge did neither, and took no action on the motion.

Appellant sought the trial judge's disqualification on the grounds of prejudice against appellant and for appellee. Appellant did not allege mandatory constitutional grounds for disqualification, and, therefore, did not invoke Rule 18a. *Manges v. Martinez*, 683 S.W.2d 137 (Tex.App.—San Antonio 1984, no writ). We note that TEX. R.CIV.P. 18b was not in effect at the time.[1]

Appellant's third point of error is overruled.

The part of the judgment dismissing appellant's counterclaim is severed and is reversed and remanded to the trial court for a determination of appellant's entitlement to attorney's fees. The remaining portion of the judgment of the trial court is affirmed.

---

1. Rule 18b was repealed in 1986 and was added by order of July 15, 1987, eff. Jan. 1, 1988.