COURT OF APPEALS
FIFTH DISTRICT OF TEXAS
AT DALLAS


NO. 05-88-01061-CV


AMERICAN 10-MINUTE OIL CHANGE, INC.,    FROM A DISTRICT COURT
BRICAR, INC., STEVEN J. SHIELDS,
E.M. DELOZIER, RALPH J. KAUFMANN,
DELF ANN DAWSON, MICHAEL A. HAMLIN,
CAREY MILLER AND BRIAN MILLER,

    APPELLANT,


v.


METROPOLITAN NATIONAL BANK-
FARMERS BRANCH,

    APPELLEE.                 OF DALLAS COUNTY, TEXAS

---

BEFORE JUSTICE HOWELL, LAGARDE AND WHITTINGTON
DISSENTING OPINION BY JUSTICE HOWELL
AUGUST 15, 1989


I dissent from the attorney's fee judgment. That aspect

should be reversed and remanded for trial upon its merits.

As stated in the majority's own authority:

> The purpose of rule 166-A is to avoid the
> conventional trial of clearly unmeritorious
> claims or untenable defenses. Its purpose is
> not to deprive litigants of their rights to a
> full, conventional trial if there are involved
> in the case any material questions of fact.

Querner Truck Lines v. Alta Verde Industries, 747 S.W.2d 464,

469 (Tex. App.--San Antonio 1988, no writ). It is further

well established that summary judgments are not granted by default. Even though a motion for summary judgment is wholly uncontroverted, a trial court possesses the discretion, and even the obligation, to deny the motion unless he is satisfied that the movant's claim is meritorious or the opponent's position is untenable. We cannot override that exercise and substitute our decision for the discretion of the trial court.

It is well established that a trial court is presumed to be an expert as to attorney's fees. In a conventional trial, where the claimant has presented no evidence whatever upon an attorney's fee claim, the trial court may nevertheless award a fee based upon its own expertise and its knowledge of the services rendered as disclosed by the proceedings in the case. Conversely, it is equally well-settled that in a conventional trial where the court is acting as the finder of fact, he may award less than the fee placed in evidence by the claimant even though the opponent offers no opposition as

2

to amount. It is illogical to hold that a trial court, if, as here, it is not convinced that the entire amount claimed for attorney's fee is justified, has any less authority than when he presides at a summary judgment hearing.

Of course, it is not the purpose of the summary judgment rule to substitute trial by affidavit for a plenary trial with live evidence, either with or without a jury in attendance. In a conventional trial, if the trial court awards a lesser fee than the one placed in evidence, the claimant is bound by the trial court's holding, even though the evidence was uncontroverted. In order to obtain relief in the appellate court, he must show the judgment to be legally or factually insufficient. The disappointed attorney's fee claimant in a summary judgment hearing is more fortunate. When the trial court below announced that it was awarding less than the attorney's fee claimed, it was the prerogative of appellee bank, as the summary judgment movant to announce that it would not accept the award and to request

3

that the attorney's fee claim be tried upon its merits. Appellee may not cross-appeal the exercise of judicial discretion by the court below in refusing to grant a summary judgment for part of the recovery sought.

The ultimate reason that this Court is committing error is because it is making an award that the trial court refused to make. Our majority concedes that the trial court "could have refused to award any attorney's fees" (slip op. 12). On pure legal theory, the court probably erred in attempting to award a lesser amount in order to expedite the disposition of the case. However, the error was harmless. The reason: because claimant bank was free to accept or refuse the award proffered by the trial court. Certainly, the opposing party had no grounds to complain because it had failed to controvert the attorney's fee claim as to amount.

However, the error of the trial court is beside the point. In final analysis, our majority has found no grounds to increase the attorney's fee award other than the default

4

of the opposing party. This, by all authorities, is improper. Even further, our majority has, in effect, held that a trial court is without discretion--that it was mandatory that a default be imposed. Truly, we cannot rectify trial court error by committing error of our own.

I therefore dissent as to the attorney's fee award. The judgment should be reversed and remanded on this issue.

CHARLES BEN HOWELL
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 90
88-01061.DF

5