Opinion filed January 21, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed January 21,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00224-CV 

                                                    __________

 

                              CAROL JOHNENE MORRIS, Appellant

 

                                                             V.

 

         JEB HUGHES,
CHAIRMAN OF THE BOARD/CHIEF EXECUTIVE

       OFFICER, ET AL,
D/B/A COMMUNITY NATIONAL BANK, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. CC 14303

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

Carol
Johnene Morris sued Jeb Hughes, Chairman of the Board/Chief Executive Officer,
et al, d/b/a Community National Bank, alleging theft, embezzlement, and
fraud causes of action.  Hughes filed a motion for summary judgment.  The trial
court granted that motion and entered a take-nothing judgment.  We affirm.








Morris
first complains that the trial court erroneously vacated its order granting her
an extension of time to respond to Hughes=s
requests for admission.  This issue has not been preserved because the clerk=s record does not contain
the documents necessary for our review.  See Green v. Kaposta, 152
S.W.3d 839, 841 (Tex. App.CDallas
2005, no pet.) (defendant=s
failure to include motion to recuse, order, or hearing record in the appellate
record resulted in waiver of issue).  Morris alleges that, on December 17, the
trial court granted her an extension of time until January 11 to respond to
Hughes=s requests for
admission.  Neither that order nor her motion for extension is included in the
clerk=s record. 
Morris did file an appendix.  She included a copy of the trial court=s December 17 order, but
not her request for an extension.  Morris alleges further that, on
February 11, the trial court vacated the order granting her an extension. 
That order is not in either the clerk=s
record or her appendix.

Even
if Morris=s first
issue was preserved, she has shown no error.  Morris received the requests for
admission on November 9.  Her responses were due on December 10.  Morris
alleges that she filed a motion for extension on December 11.  Hughes=s brief contains an
appendix that includes a motion for extension.  If we assume that this was the
motion Morris filed, the requests were already deemed admitted.  Tex. R. Civ. P. 198.2(c).  Morris=s option was to move the
court for permission to withdraw or amend these admissions.  Tex. R. Civ. P. 198.3.  Morris does not
allege that she did either, and there is no request in the clerk=s record, her appendix, or
Hughes=s appendix. 
Moreover, Morris does not allege in her brief any justification for withdrawing
or amending her deemed admissions, and the motion included in Hughes=s appendix contains no
reason justifying withdrawing or amending her admissions.  Finally, Morris can
show no harm because, even without considering the deemed admissions, Morris
offered no evidence in response to Hughes=s
summary judgment motion creating a fact question on whether he violated any
duty to her.  Issue One is overruled.








Morris
next argues that the trial court unlawfully deprived Aher entitlement to the statement of facts,
transcripts, etc., from which to perfect her appeal.@  Morris=s
brief suggests that she is referring to the summary judgment hearing.  However,
she does not clearly identify what transcript she was denied, and there is no
unsatisfied request for a transcript in the clerk=s
record.  Thus, Morris has not preserved this issue for review.  Nor can we otherwise
determine any error or harm.  If Morris is referring to the summary judgment
hearing, she has identified no harm because summary judgment hearings are not
evidentiary hearings.  See Tex.
R. Civ. P. 166a(c) (no oral testimony shall be received at the summary
judgment hearing).  If she is referring to some other hearing, we have no
ability to ascertain error or harm.  Issue Two is overruled.

Morris=s third and fourth issues
complain of the trial court=s
decision to grant Hughes=s
motion for summary judgment.  Morris contends that Hughes=s motion contained
inadmissible hearsay in the form of affidavits.  While affidavits are
inadmissible at trial, they are admissible for summary judgment purposes.  See
Tex. R. Civ. P. 166a(a), (b). 
Morris also complains that the affidavits contain conclusory assertions.  She
does not, however, identify what statements she contends are conclusory.

Morris
next contends that the summary judgment improperly denied her rights to a jury
trial.  Parties have broad rights to a jury trial, but when they cannot show a
material fact issue, there is nothing to submit to a jury, and the granting of
summary judgment to the opposing party does not violate the constitutional
right to a jury trial.  Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.,
747 S.W.2d 464, 469 (Tex. App.CSan
Antonio 1988, no writ).  Morris has identified no material fact issue.  The
trial court, therefore, did not violate her constitutional rights.  Issues
Three and Four are overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

January 21, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and, Strange, J.