**Opinion filed January 21, 2010**



In The

# Eleventh Court of Appeals

————————

## No. 11-08-00224-CV

————————

### CAROL JOHNENE MORRIS, Appellant

### V.

### JEB HUGHES, CHAIRMAN OF THE BOARD/CHIEF EXECUTIVE OFFICER, ET AL, D/B/A COMMUNITY NATIONAL BANK, Appellee

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. CC 14303**

### M E M O R A N D U M   O P I N I O N

Carol Johnene Morris sued Jeb Hughes, Chairman of the Board/Chief Executive Officer, et al, d/b/a Community National Bank, alleging theft, embezzlement, and fraud causes of action. Hughes filed a motion for summary judgment. The trial court granted that motion and entered a take-nothing judgment. We affirm.

Morris first complains that the trial court erroneously vacated its order granting her an extension of time to respond to Hughes's requests for admission. This issue has not been preserved

because the clerk's record does not contain the documents necessary for our review. *See Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.) (defendant's failure to include motion to recuse, order, or hearing record in the appellate record resulted in waiver of issue). Morris alleges that, on December 17, the trial court granted her an extension of time until January 11 to respond to Hughes's requests for admission. Neither that order nor her motion for extension is included in the clerk's record. Morris did file an appendix. She included a copy of the trial court's December 17 order, but not her request for an extension. Morris alleges further that, on February 11, the trial court vacated the order granting her an extension. That order is not in either the clerk's record or her appendix.

Even if Morris's first issue was preserved, she has shown no error. Morris received the requests for admission on November 9. Her responses were due on December 10. Morris alleges that she filed a motion for extension on December 11. Hughes's brief contains an appendix that includes a motion for extension. If we assume that this was the motion Morris filed, the requests were already deemed admitted. TEX. R. CIV. P. 198.2(c). Morris's option was to move the court for permission to withdraw or amend these admissions. TEX. R. CIV. P. 198.3. Morris does not allege that she did either, and there is no request in the clerk's record, her appendix, or Hughes's appendix. Moreover, Morris does not allege in her brief any justification for withdrawing or amending her deemed admissions, and the motion included in Hughes's appendix contains no reason justifying withdrawing or amending her admissions. Finally, Morris can show no harm because, even without considering the deemed admissions, Morris offered no evidence in response to Hughes's summary judgment motion creating a fact question on whether he violated any duty to her. Issue One is overruled.

Morris next argues that the trial court unlawfully deprived "her entitlement to the statement of facts, transcripts, etc., from which to perfect her appeal." Morris's brief suggests that she is referring to the summary judgment hearing. However, she does not clearly identify what transcript she was denied, and there is no unsatisfied request for a transcript in the clerk's record. Thus, Morris has not preserved this issue for review. Nor can we otherwise determine any error or harm. If Morris is referring to the summary judgment hearing, she has identified no harm because summary judgment hearings are not evidentiary hearings. *See* TEX. R. CIV. P. 166a(c) (no oral testimony shall

be received at the summary judgment hearing).  If she is referring to some other hearing, we have no ability to ascertain error or harm.  Issue Two is overruled.

Morris's third and fourth issues complain of the trial court's decision to grant Hughes's motion for summary judgment.  Morris contends that Hughes's motion contained inadmissible hearsay in the form of affidavits.  While affidavits are inadmissible at trial, they are admissible for summary judgment purposes.  *See* TEX. R. CIV. P. 166a(a), (b).  Morris also complains that the affidavits contain conclusory assertions.  She does not, however, identify what statements she contends are conclusory.

Morris next contends that the summary judgment improperly denied her rights to a jury trial.  Parties have broad rights to a jury trial, but when they cannot show a material fact issue, there is nothing to submit to a jury, and the granting of summary judgment to the opposing party does not violate the constitutional right to a jury trial.  *Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 469 (Tex. App.—San Antonio 1988, no writ).  Morris has identified no material fact issue.  The trial court, therefore, did not violate her constitutional rights.  Issues Three and Four are overruled.

The judgment of the trial court is affirmed.

PER CURIAM

January 21, 2010

Panel consists of:  Wright, C.J.,
McCall, J., and, Strange, J.

3