

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00383-CV

Arthur **VEGA** Individually and d/b/a Dolco Packaging,
Appellants

v.

**COMPASS BANK**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-07719
Honorable Laura Salinas, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  March 12, 2014

AFFIRMED IN PART; REVERSED IN PART AND REMANDED

This is an appeal from a summary judgment rendered in favor of appellee, Compass Bank.

On appeal, appellants, Arthur Vega individually and doing business as Dolco Packaging, challenge

the summary judgment on liability and on the amount of attorney's fees, expenses, and costs

awarded to Compass.  We affirm the summary judgment on liability, but reverse the trial court's

award of attorney's fees and remand for further proceedings.

**BACKGROUND**

In the lawsuit, Compass alleged a check in the amount of $114,280.07 made payable to Dolco Packaging (hereinafter, "the check") was deposited into a Compass Bank account titled to Dolco Packaging. James Ballweg, Jr. and Vega were signers on the account. According to Compass, over the next few weeks the proceeds were transferred out of the Dolco account. The check was later returned by Harris Bank as forged, and as a result, the Dolco account became overdrawn in excess of $100,000. Compass sued Ballweg individually and doing business as Dolco Packaging, and Arthur Vega individually and doing business as Dolco Packaging (collectively, "the defendants"). Compass then filed a traditional motion for summary judgment against all defendants. The trial court rendered a partial summary judgment in favor of Compass against Ballweg and severed the remaining claims. The trial court later rendered a final summary judgment against Vega individually and doing business as Dolco Packaging for $70,878.03 in damages; $8,279.22 in attorney's fees, expenses, and costs; and statutory post-judgment interest. Vega and Dolco Packaging (hereinafter, "Vega") now appeal.[1]

**SUMMARY JUDGMENT ON LIABILITY**

In its motion for summary judgment, Compass asserted the defendants took possession of and negotiated the check, and were provided credit in their bank account for the amount of the check. Compass alleged the defendants then transferred the funds to other bank accounts and/or allegedly absconded with the proceeds. Compass contends it is entitled to charge back or obtain a refund from defendants in the amount of the check. Therefore, Compass argues under both the terms of a deposit agreement entered into with the defendants and under the provisions of the Texas Business and Commerce Code, Vega should be liable to Compass for damages resulting

---

[1] Ballweg has not appealed the summary judgment against him.

from the defendants' improper actions. Because Compass based its entitlement to summary judgment on two grounds—breach of contract and provisions of the Business and Commerce Code—and because the trial court did not state the grounds on which it rendered judgment in favor of Compass, we will affirm the summary judgment if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). We first address Compass's breach of contract claim.

The elements of a breach of contract claim are: (1) the existence of a valid contract between Compass and Vega; (2) Compass performed or tendered performance; (3) Vega breached the contract; and (4) Compass was damaged as a result of the breach. *See Southwell v. Univ. of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex. App.—San Antonio 1998, pet. denied) (listing elements).

As evidence of the existence of a contract between itself and Vega, Compass attached to its motion for summary judgment a copy of the Dolco Packaging "Non-Personal Deposit Account Signature Card," which is signed by both Vega and Ballweg. The card states that "[t]he undersigned agree(s) to the terms and conditions of the Non-Consumer Account Agreement and acknowledge(s) receipt of a copy of the Agreement and a current interest and service charge schedule or disclosure." Compass also attached a copy of the Agreement.

As evidence that it tendered performance by providing provisional credit on the check, Compass relied on the following summary judgment evidence. Compass attached the affidavit of its employee, Cynthia Capron, who stated the check was deposited into defendants' bank account, Harris Bank later sent a forged endorsement claim, and the defendants used the funds deposited into the account. Attached to Capron's affidavit were several exhibits, including: (1) a copy of the check, (2) the signature card and Agreement, and (3) Dolco Packaging bank statements showing

the deposit of the check. Compass also relied on the "Deposits and Collections" section of the Agreement, which provides as follows:

> Any item that we cash or accept for deposit may be subject to later verification and final payment. We may deduct funds from your account if . . . [an item] is returned to us unpaid, or if it was improperly paid, even if you have already used the funds. . . .

> Credit for any item we accept for deposit to your account . . . is provisional and may be revoked if the item is not finally paid, for any reason, in cash or its equivalent.

As evidence of Vega's breach and that it was damaged by the breach, Compass relied on other exhibits to Capron's affidavit, such as: (1) Dolco Packaging bank statements showing various withdrawals from the account and an overdrawn ending balance (as of February 29, 2012) in the amount of -100,878.03, and (2) Harris Bank's refund request. Compass also relied on a section of the Agreement entitled "Insufficient Available Balance and Overdrafts" that states, in part,

> [i]n the event you fail to pay the amount of any overdraft and all associated service charges and we refer your overdrawn account to an attorney for collection, you agree to pay all reasonable expenses, including without limitation, attorney's fees and court costs, incurred by us as a result of your account being overdrawn.

In his response to Compass's motion for summary judgment, Vega did not dispute the existence of a contract, that Compass tendered performance by giving provisional credit on the check, that the Dolco Packaging account later became overdrawn, or that the overdraft was not repaid. Instead, Vega relied on various provisions of the Texas Business and Commerce Code for his argument that he is not liable for any damages because he did not endorse the check, did not receive any proceeds represented by the check, and did not convert the check.

We do not address Vega's arguments under the Business and Commerce Code because we conclude Compass established its breach of contract claim as a matter of law. Under the Agreement, Compass was entitled to provide only provisional credit for a deposit and Compass was entitled to seek repayment of any overdraft and associated charges from any account owner.

It is undisputed that Vega was a signer on the Dolco Packaging account and, as such, subject to the terms of the Agreement. Therefore, we conclude the trial court properly rendered summary judgment in favor of Compass on liability under Compass's breach of contract claim.

## ATTORNEY'S FEES

Vega devotes almost the entirety of his brief on appeal to the trial court's award of attorney's fees, expenses, and costs to Compass in the amount of $8,279.22. On appeal, Vega argues the affidavit on which Compass relied, that of Compass attorney William P. Huttenbach, is insufficient to support the amount of the award. Vega also challenges the reasonableness of the award.

In his affidavit, Huttenbach stated he charges $315.00 per hour and:

I, or another attorney or paralegal with my firm, researched the facts and law involved in the matter, reviewed and analyzed various documents, drafted various documents, motions and pleadings involving this dispute. I, or another attorney or paralegal, have drafted a demand letter, original petition, written discovery to both Defendants, and prepared this Motion for Summary Judgment against Defendants and supporting exhibits and affidavits. I have drafted settlement documents, motions to compel and had many communications with Defendants and my client.

Huttenbach concluded that Compass "has incurred or expects to incur in excess of [$8,279.22] in reasonable and necessary attorney's fees, costs and expenses in this matter." On appeal, Vega complains the affidavit is insufficient to support the award because it does not itemize a breakdown between attorney's fees and costs/expenses; there is nothing in the record documenting the award; and Compass is not entitled to expenses in addition to court costs.

An attorney's affidavit can sufficiently establish reasonable attorney's fees on a motion for summary judgment. *American 10–Minute Oil Change, Inc. v. Metropolitan Nat'l Bank-Farmer's Branch*, 783 S.W.2d 598, 602 (Tex. App.—Dallas 1989, no writ); *Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 468 (Tex. App.—San Antonio 1988, no writ). However, the nonmovant may create a fact issue by filing an affidavit contesting the reasonableness of the

movant's attorney's fees. *Gen. Specialties, Inc. v. Charter Nat'l Bank-Houston*, 687 S.W.2d 772, 774 (Tex. App.—Houston [14th Dist.] 1985, no writ).

Vega, who is himself an attorney, filed his affidavit in which he stated:

[Huttenbach] submitted no evidence regarding when he was licensed; how many years he has engaged in this type of litigation; how many cases he has tried as first chair; and whether he has any certifications to justify such an hourly rate. . . . I object to such fees as not being reasonable and necessary. . . . I object to an award of any expenses and costs since there is no evidence to support such an award.

We conclude Vega's affidavit was sufficient to raise a fact issue on both the amount and the reasonableness of the award. Therefore, the trial court erred in awarding attorney's fees, expenses, and costs to Compass on this record.

## CONCLUSION

For the reasons stated above, we affirm the trial court's summary judgment in favor of Compass Bank on liability under Compass's breach of contract claim. However, we reverse the trial court's award of attorney's fees, expenses, and costs to Compass in the amount of $8,279.22 and we remand for further proceedings on the amount, if any, to be awarded Compass for attorney's fees, expenses, and costs.

Sandee Bryan Marion, Justice