ACCEPTED
04-10-00484-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/11/2015 10:42:22 AM
KEITH HOTTLE
CLERK

0**4-14-00551-CV**

NO. 04-10-00484-CV

IN THE COURT OF APPEALS

FOURTH JUDICIAL DISTRICT

SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

03/11/2015 10:42:22 AM

KEITH E. HOTTLE
Clerk

PABLO SOLIZ,
Appellant,

VS.

THE STATE OF TEXAS,
Appellee.

APPEAL FROM

THE 79TH JUDICIAL DISTRICT COURT

BROOKS COUNTY, TEXAS

**STATE'S BRIEF**

Kent S. Richardson
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
State Bar No.24003262
kent.richardson@texasattorneygeneral.gov
(512) 936-1348 Tel.
(512) 370-9741 Fax
Attorney for the State of Texas

# NAMES OF PARTIES

Appellee:               State of Texas

Attorneys for the State:   Ken Paxton, Attorney General
  At trial:               Kent S. Richardson, Assistant Attorney General
                        Zindia Thomas, Assistant Attorney General
  On appeal:              Kent S. Richardson
                        Assistant Attorney General
                        P.O. Box 12548
                        Austin, Texas 78711-2548
                        State Bar No.24003262
                        Attorney for the State of Texas


Appellant:              Pablo Soliz

Attorney:
  At trial:               Rick Soliz
                        P.O. Box 4051
                        Houston, Texas   77210


  On appeal:              Rick Soliz
                        P.O. Box 4051
                        Houston, Texas   77210

# TABLE OF CONTENTS

NAMES OF PARTIES.............................................................................................II

TABLE OF CONTENTS.........................................................................................III

INDEX OF AUTHORITIES ...................................................................................IV

STATEMENT OF THE CASE................................................................................ 2

STATEMENT OF FACTS ...................................................................................... 3

SUMMARY OF THE ARGUMENT ...................................................................... 4

ARGUMENT............................................................................................................ 5

  STATE'S RESPONSE TO POINT OF ERROR NO. 1....................................... 5
    APPELLANT HAS NOT BEEN DENIED DUE PROCESS BY THE ADJUDICATION OF
    THE CASE BY SUMMARY JUDGMENT.

  STATE'S RESPONSE TO POINT OF ERROR NO. 2....................................... 6
    THERE ARE NO GENUINE ISSUES OF MATERIAL FACT TO THE SOLE ISSUE OF
    EVIDENCE OF LICENSURE.

CONCLUSION ........................................................................................................ 8

PRAYER................................................................................................................... 8

CERTIFICATE OF COMPLIANCE (TRAP 9.4)................................................. 9

CERTIFICATE OF SERVICE.............................................................................. 10

# INDEX OF AUTHORITIES

## RULES AND STATUTES

TEX.CIV.PRAC. & REM.CODE § 66.001 et seq.................................................................2

TEX.LOC.GOVT.CODE. § 86.0021 ...................................................................2,3,6,7

Tex. R. App. Proc. 9.4 ......................................................................................9

Tex. R. App. Proc. 38.2 ...................................................................................2

Tex. R. Civ. Proc. 166a....................................................................................6

## CASES

Buck v. Palmer, 381 S.W.3d 525 (Tex. 2012) ...................................................7

Gulbenkian v. Penn, 252 S.W.2d 929 (Tex. 1952) ...........................................5

Knutson v. Ripson, 354 S.W.2d 575 (Tex. 1962) .............................................5

MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986) .............................................6

Querner Truck Lines, Inc. v. Alta Verde Indus., Inc., 747 S.W.2d 464

    (Tex. App. - San Antonio 1988, no writ) ...................................................5

Siegler, Inc. v. Perez, 819 S.W.2d 470 (Tex. 1991)..........................................6

Tribble & Stephens Co. v. Consol Svcs., Inc., 744 S.W.2d 945 (Tex.

    App. - San Antonio 1987, writ denied).....................................................5

NO. 04-10-00484-CV

IN THE COURT OF APPEALS

FOR THE

FOURTH JUDICIAL DISTRICT

SAN ANTONIO, TEXAS

PABLO SOLIZ,
Appellant,

VS.

THE STATE OF TEXAS,
Appellee.

APPEAL FROM

THE 79TH JUDICIAL DISTRICT COURT

BROOKS COUNTY, TEXAS

TRIAL COURT CAUSE NO. 14-02-16542-CV

**STATE'S BRIEF**

TO THE HONORABLE JUSTICE OF THE COURT OF APPEALS:

COMES NOW the State of Texas, by and through her Assistant Attorney

General, Kent S. Richardson, and files this Brief in Opposition to Appellant's First

Supplemental Brief pursuant to TEX.R.APP.PROC. Rule 38.2 and would show the Court the following:

## STATEMENT OF THE CASE

This is a quo warranto case filed pursuant to Chapter 66 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 66.001 et seq (Vernon 1985). Section 86.0021(b) of the Texas Local Government Code requires elected constables to provide to the commissioners court evidence the constable has been issued a permanent peace officer license under Chapter 1701 of the Occupations Code on or before the 270th day after taking office. Tex. Loc. Gov. Code Ann. §86.0021(b) (Vernon 2005). Failure to comply with the requirement operates as a forfeiture of office for which a quo warranto action may be initiated. *Id*. The State of Texas through the Attorney General, filed an information in the nature of quo warranto concerning Appellant Pablo Soliz, who was the elected constable for Precinct Three of Brooks County[1]. SCR 3.[2] After considering a motion for partial summary judgment, the trial

---

[1] The state filed a quo warranto action based on three allegations: (1) failure to meet a licensure deadline for which judgment was granted, (2) that Appellant was a convicted felon and (3) that Appellant was not a resident of the precinct in which he was elected constable. This appeal deals only with the first issue for which judgment was granted by through a motion for partial summary judgment.

[2] "CR" refers to the Clerk's Record of papers filed in the trial court and followed by the page number. "SCR" refers to the Supplemental Clerk's Record of papers filed in the trial court and followed by the page number. "RR" will refer to the Reporter's Record and followed by the page number.

court granted the motion and rendered judgment removing Appellant from office. CR 81-82 and 97-98, respectively.

## STATEMENT OF FACTS

Appellant Pablo Soliz was elected constable for Precinct 3 of Brooks County on November 6, 2012. SCR 28-32. Appellant took office on January 1, 2013. *See* Tex. Govt. Code Ann. 601.003(a) (Vernon 1993). Appellant was required to obtain and present evidence of a permanent peace officer license to the commissioners court by the 270th day after taking office. Tex. Loc. Gov. Code Ann. §86.0021(b) (Vernon 2005). Appellant did not present evidence that he had obtained a permanent peace officer license by the statutory deadline. CR 35; SCR 19. This fact has not been disputed by Appellant. SCR 34-37; RR 28. The State of Texas filed a motion for summary judgment based on the undisputed fact that no evidence of licensure had been presented to the Brooks County Commissioners Court. SCR 8-15. Based upon the undisputed fact that there was no evidence of licensure presented by Appellant, the district court granted partial summary judgment. CR 81-82. After disposing of other grounds for removal, the district court then signed and entered a final judgment of removal. CR 97-98.

## SUMMARY OF THE ARGUMENT

Appellant has not been denied any rights in this case to a jury trial. Juries are factfinders as to the elements of a cause of action. In this case, only one factual element is required to be proven by the state – whether an elected constable has provided evidence to the commissioners court that he has obtained a permanent peace officer license by the 270th day after taking office. There is no other question for a jury to decide. In this case, it has always been undisputed that Appellant had not provided such evidence of licensure to the commissioners court. In fact, Appellant never obtained a peace officer license at all during his time as elected constable. Appellant bases his case and this appeal on reasons why he did not obtain a peace officer license, which is itself additional admission of the sole element to the state's case. The arguments made by Appellant operate as a type of affirmative defense to the violation of the licensure statute at issue. However, there is no affirmative defense available in the statute for the failure to provide evidence of licensure as a peace officer.

There is no genuine issue of material fact in this case. Again, there is no dispute that Appellant did not present evidence of obtaining a peace officer license by the statutory deadline. Appellant claims that his reasons for not obtaining the license operate as a defense to not meeting the deadline. As stated above, these reasons operate in practice as a type of affirmative defense which is not found in the statute and is not available to Appellant to defeat this action.

# ARGUMENT

## STATE'S RESPONSE TO POINT OF ERROR NO. 1
APPELLANT HAS NOT BEEN DENIED DUE PROCESS BY THE ADJUDICATION OF THE CASE BY SUMMARY JUDGMENT.

The jury functions as the finder of fact. *Tribble & Stephens Co. v. Consol. Services, Inc.*, 744 S.W.2d 945, 949 (Tex. App. - San Antonio 1987, writ denied). The jury does not answer questions of law. *Knutson v. Ripson*, 354 S.W.2d 575, 576 (Tex. 1962).

This court stated that summary judgment does not violate a party's right to a trial by jury where there are no material issues of fact. *Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 469 (Tex. App. – San Antonio 1988, no writ). The court reasoned that the purpose of summary judgment is to avoid the "conventional trial of clearly unmeritorious claims or untenable defenses". *Id.* The Supreme Court of Texas held that when courts hear motions for summary judgment they determine if there are any issues of fact to be tried, and do not weigh the evidence or determine its credibility. *Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952). Therefore summary judgment does not violate the party's right to a trial by jury. *Id.*

In this case, the sole issue that could have been presented to a jury for determination was whether Appellant had provided evidence of his licensure to the

commissioners court by the statutory deadline of 270 days after taking office. Tex. Loc. Gov. Code Ann. §86.0021(b) (Vernon 2005). As the record reflects, there is no dispute that Appellant had failed to meet the statutory deadline and the implicit requirement of obtaining a peace officer license. SCR 34-37; RR 28.

The arguments and facts that Appellant would like to rely upon are those that operate as a kind of affirmative defense. *See* Appellant's First Supp. Br. at 6-11; 12-14. However, no such defense can be found in the statute. *See generally* Tex. Loc. Gov. Code Ann. §86.0021 (Vernon 2005). Because no such defense is available for a quo warranto action based upon a violation of §86.0021, any such facts would be irrelevant to a factfinder. Therefore, no violation of due process occurred as a result of the trial court's granting of a motion for summary judgment.

### STATE'S RESPONSE TO POINT OF ERROR NO. 2
THERE ARE NO GENUINE ISSUES OF MATERIAL FACT TO THE SOLE ISSUE OF EVIDENCE OF LICENSURE.

When a plaintiff moves for summary judgment on her cause of action, she is entitled to summary judgment if she proves all essential elements of her claim as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). The plaintiff must show there are no genuine issues of material fact. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). A grant of summary

Page 6

judgment is reviewed de novo by the appellate court. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012).

The state filed a motion for partial summary judgment on the issue of whether Appellant had failed to meet his duty to provide evidence of obtaining a permanent peace officer license to the Brooks County Commissioners Court by the 270th day after taking office.[3] SCR 7-34. Tex. Loc. Gov. Code Ann. §86.0021(b) (Vernon 2005). This fact was established by the affidavit of County Judge Raul M. Ramirez showing that as of the date of that affidavit, and after the 270th day after taking office, Appellant did not present evidence of his licensure as a peace officer as required. CR 35; SCR 19. As noted above, there is no dispute that Appellant did not provide such evidence to the commissioners court. SCR 34-37; RR 28. The failure to meet the statutory deadline operates as a forfeiture of the office held and removal by quo warranto proceeding is warranted. Tex. Loc. Gov. Code Ann. §86.0021(b) (Vernon 2005).

The facts which Appellant argues create an issue of material fact do not address the simple question whether evidence of his licensure as a peace officer was presented to the commissioners court as required by the statute. *See* Appellant's

---

[3] The state's motion for partial summary judgment addressed the allegations of failure to show evidence of licensure by the statutory deadline and status as a convicted felon making Appellant ineligible for his office.

First Supp. Br. at 17-18.  The facts Appellant argues create the fact issue operate more as an excuse for not obtaining the required license.  *Id.*  The facts urged by Appellant do not create an issue of material fact in determining whether a violation of the statute occurred.  Therefore, the granting of the motion for summary judgment as to the sole issue of evidence of licensure was proper by the trial court.

## CONCLUSION

For the reasons stated herein, there was no violation of due process in the trial court's grant of summary judgment where a jury would have no additional facts to determine than those which were not in dispute.  For the same reason, there was no genuine issue of material fact as the dispositive facts were not in dispute.  Therefore, disposition of this case by summary judgment was appropriate.

## PRAYER

FOR ALL THESE REASONS, the State respectfully requests that this Honorable Court overrule Appellant's points of error and affirm the judgment of the trial court.

Respectfully submitted,


/s/ Kent S. Richardson
KENT S. RICHARDSON
Assistant Attorney General

Criminal Prosecutions Division
State Bar No. 24003262

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1348
(512) 370-9741 (FAX)

ATTORNEY FOR THE STATE

## CERTIFICATE OF COMPLIANCE WITH
## TEXAS RULE OF APPELLATE PROCEDURE 9.4

I do hereby certify that this brief does complies with Tex. R. App. Proc. 9.4 in

that it contains 1,302 words, in Microsoft Word 14.0, Times New Roman, 14 point

font.

/s/ Kent S. Richardson
KENT S. RICHARDSON
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing brief has been e-mail-delivered to:

Pablo Soliz, Appellant
by and through his attorney of record:
Rick Soliz
P.O. Box 4051
Houston, Texas 77210-4051
jrsoliz@att.net


on this the 11th day of March, 2015.

/s/ Kent S. Richardson
KENT S. RICHARDSON
Assistant Attorney General